UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Melanie M. Gonzalez,
and other similarly
situated individuals,

      Plaintiff(s),

v.

H&M Market & Smoke Shop #4 Inc,
H&M Market & Smoke Shop #3 Inc,
H&M Grocery & Smoke Shop. Inc.,
a/k/a H&M Smoke Shop & Vapes #1,
A Arab Market Inc,
d/b/a H&M Smokeshop & Market Wynwood
a/k/a H&M Smoke Shop #2
and Emil Abdo, individually,

      Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Melanie M. Gonzalez and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #1, A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2, and Emil Abdo, individually, and allege:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Melanie M. Gonzalez is a resident of Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2, are Florida Corporations performing business in Dade County,  within this Honorable Court Jurisdiction. Defendants were engaged in interstate commerce.

4. The individual Defendant Emil Abdo was and is now the owner/partner/officer and manager of Defendant Corporations H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Corporate Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2, are a joint enterprise and joint employers of Plaintiff.

6. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

7. This cause of action is brought by Plaintiff Melanie M. Gonzalez as a collective action to recover from Defendants half-time overtime compensation and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2022, (the "material time") without being adequately compensated.

8. Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2, are a combination of a smoke shop, selling vapes, tobacco, smoke supplies, and grocery store.

9. Defendants have at least four stores located within Dade county. Defendants had smoke shops located at 5954 W. 16th Avenue, Hialeah, Florida 33012; 3185 West 76 ST. Hialeah 33016; 6900 W 32 Avenue, Hialeah, Florida 33016; and 26144 NW 5th Avenue, Miami, Florida 33127.

10. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2, are a joint enterprise because: 1) all companies have the same business activities; 2) all companies shared centralized management, equipment, and supplies; 3) Defendants operated as a single unit for a common business purpose; 4) between Defendants existed unified operation and common control, and they operated as a single unit; 5) Defendants shared a common business purpose, the profitable

operation of the businesses; 6) Defendants had an interdependent financial interest; 7) and existed common ownership and management.

11. Pursuant 29 C.F.R. §791.2. Defendants Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2, were joint employers because: 1) Corporate Defendants were equally responsible for the work done at the stores, where Plaintiff and the other similarly situated employees worked; 2) Defendants, through their supervisors and owner/manager Emil Abdo had equal and absolute control over the Plaintiff and other employees similarly situated; 3) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of Corporate Defendants; 5) Corporate Defendants had equal power to hire and to fire employees; 6) supervisor Josh LNU, and the individual Defendant Emil Abdo owner of the corporations., personally supervised schedules, and times records of Plaintiff and other similarly situated individuals.

12. Therefore, because the work performed by Plaintiff and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2,  are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1).

13. Because Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2, CMR Construction and Umana Construction equally hired and fired employees, supervised and controlled Plaintiff's work schedules, and maintained employment records of Plaintiff and other similarly situated individuals, they are also joint employers as defined in 29 C.F.R. §791.2.

14. Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2, CMR Construction and Umana are also the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

15. Defendants H&M Market & Smoke Shop #4 Inc, H&M Market & Smoke Shop #3 Inc, H&M Grocery & Smoke Shop. Inc., a/k/a H&M Smoke Shop & Vapes #, and A Arab Market Inc, d/b/a H&M Smokeshop & Market Wynwood, a/k/a H&M Smoke Shop #2, CMR Construction and Umana Construction, hereinafter, will be called H&M Market & Smoke Shop, collectively.

16. Defendant H&M Market & Smoke Shop and Emil Abdo employed Plaintiff Melanie M. Gonzalez as a non-exempted, full-time store attendant from approximately January 28, 2022, to November 03, 2022, or 40 weeks.

17. Plaintiff worked under the supervision of the business owner Emil Abdo and manager Josh LNU.

18. From the beginning of her employment on January 28, 2022, to approximately July 31, 2022 (26 weeks), Plaintiff had a wage rate of $12.00. From August 01, 2022, to November 03, 2022 (14 weeks), Plaintiff had a wage rate of $15.00.00 an hour.

19. While Plaintiff was employed by Defendants, Plaintiff worked six days per week. Plaintiff had Saturdays off, but from Monday to Sunday, Plaintiff worked between 8:30 AM to 12:00 and 1:00 AM. Plaintiff had an irregular schedule of between 60 and 80 hours weekly. Thus, Plaintiff worked a minimum average of 70 hours weekly.

20. Plaintiff was assigned to work in any of the H&M Market & Smoke Shops during the same week. Many times Plaintiff worked in two different stores during the same day.

21. Thus, during her employment with Defendants, Plaintiff worked a minimum average of 70 hours per week.

22. Plaintiff was paid for all her working hours, but she was not paid for overtime hours at the rate of one time and one-half her regular rate, as required by law.

23. Plaintiff clocked in and out. Sometimes she was not able to record her hours. However, Defendants were in absolute control of Plaintiff's schedule and activities, and they could keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

24. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

25. Plaintiff was paid weekly in cash, without paystubs providing accurate information such as the number of days and hours worked, the wage rate paid, employee taxes withheld, etc.

26. Since July 2022, Plaintiff was paid with paystubs showing 15 working hours weekly at the wage rate of $11.00. Defendants paid the difference in wage rate and the difference in the number of hours worked in cash.

27. On or about November 03, 2022, Defendants terminated Plaintiff's employment without further notice.

28. Plaintiff Melanie M. Gonzalez seeks to recover unpaid overtime wages for every hour worked over 40 during her entire employment, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

29. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

30. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half her regular rate.

31. This action is intended to include every store attendant employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

32. Plaintiff Melanie M. Gonzalez re-adopts every factual allegation stated in paragraphs 1-31 above as if set out in full herein.

33. Defendant CMR Construction was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail company performing as a Smoke shop and grocery store. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

34. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

35. Defendant H&M Market & Smoke Shop and Emil Abdo employed Plaintiff Melanie M. Gonzalez as a non-exempted, full-time store attendant from approximately January 28, 2022, to November 03, 2022, or 40 weeks.

36. From the beginning of her employment on January 28, 2022, to approximately July 31, 2022 (26 weeks), Plaintiff had a wage rate of $12.00. From August 01, 2022, to November 03, 2022 (14 weeks), Plaintiff had a wage rate of $15.00.00 an hour.

37. While Plaintiff was employed by Defendants, Plaintiff worked six days per week. Plaintiff had Saturdays off, but from Monday to Sunday, an irregular schedule of between 60 and 80 hours weekly. Thus, Plaintiff worked a minimum average of 70 hours weekly.

38. Plaintiff was paid for all her working hours, but she was not paid for overtime hours at the rate of one time and one-half her regular rate, as required by law.

39. Plaintiff clocked in and out whenever possible. Sometimes she was not able to record her hours. However, Defendants were in absolute control of Plaintiff's schedule and activities, and they could keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

40. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

41. Plaintiff was paid weekly in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

42. Since July 2022, Plaintiff was paid with paystubs showing 15 working hours weekly at the wage rate of $11.00. Defendants paid the difference in wage rate and the difference in the number of hours worked in cash.

43. On or about November 03, 2022, Defendants terminated Plaintiff's employment without further notice.

44. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to

overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

46. Plaintiff is not in possession of time and payment records, but she will provide a preliminary estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Seven Thousand Eight Hundred Thirty Dollars and 00/100 ($7,830.00)

    b. <u>Calculation of such wages</u>:

        Total period of employment: 40 weeks
        Relevant weeks of employment:  40 weeks
        Total hours worked: 70 hours average
        Unpaid O/T hours: Average 70 hours

        **1.- O/T from January 28, 2022, to July 31, 2022= 26 weeks paid at $12.00**
        Relevant weeks: 26 weeks
        Total hours worked: 70 weekly average
        O/T unpaid hours: 30 O/T hours
        Wage rate: $12.00 x 1.5=$18.00 O/T hour
         O/T hour: $18.00-$12.00 O/T paid= $6.00 difference
        Half-time: $6.00

        $6.00 x 30 O/T hours=$180.00 weekly x 26 weeks=$4,680.00

        **2.- O/T from August 01, 2022, to November 03, 2022=14 weeks paid at $15.00**
        Relevant weeks: 14 weeks
        Total hours worked: 70 weekly average
        O/T unpaid hours: 30 O/T hours
        Wage rate: $15.00 x 1.5=$22.50 O/T hour
        O/T hour: $22.50-$15.00 O/T paid= $7.50 difference
        Half-time: $7.50

        $7.50 x 30 O/T hours=$225.00 weekly x 14 weeks=$3,150.00

        Total #1 and #2: $7,830.00

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.[1]

47. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. At times mentioned, individual Defendant Emil Abdo was, and is now, the owner/partner/manager of H&M Market & Smoke Shop. Defendant Emil Abdo was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in H&M Market & Smoke Shop's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Emil Abdo had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

50. Defendants H&M Market & Smoke Shop and Emil Abdo willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

51. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Melanie M. Gonzalez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Melanie M. Gonzalez and other similarly situated individuals and against the Defendants H&M Market & Smoke Shop and Emil Abdo based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Melanie M. Gonzalez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Melanie M. Gonzalez demands a trial by a jury of all issues triable as of right by a jury.

Date: December 031, 2022

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*